**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                                            **No. 14-168**

**CHRISTOPHER BROWN**                              **SECTION I**

## ORDER & REASONS

Christopher Brown ("Brown") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the following reasons, the motion is denied.

## I.

On September 8, 2015, Brown pleaded guilty to a single count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 846.  Because the conspiracy involved 280 grams or more of cocaine base, Brown was subject to a mandatory minimum sentence of 10 years imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A).  On January 21, 2016, the Court sentenced Brown to a term of imprisonment of 132 months.  Brown appealed his conviction and sentence.  Both were affirmed.[1] Brown now moves to vacate his conviction and sentence, alleging various claims of ineffective assistance of counsel.

---

[1] R. Doc. No. 812.

## II.

Ineffective assistance of counsel claims are governed by the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a petitioner to prove both deficient performance and resulting prejudice. *Id.* at 687.

Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689). In other words, "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

A showing of prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. With respect to guilty pleas, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Thus, in challenging a guilty plea on grounds of ineffective assistance, a petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

A petitioner must satisfy both prongs of the *Strickland* test in order to be successful on an ineffective assistance claim. *See Strickland*, 466 U.S. at 687. A court is not required to address these prongs in any particular order. *Id.* at 697. If it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs, "that course should be followed." *Id.*

**III**.

**A**.

At the outset, the Court rejects Brown's contention that it erred in explaining to Brown the ten-year statutory minimum sentence applicable to his case.[2] As the Fifth Circuit observed on appeal,

> Brown argues that the district court failed to inform him of, and to ensure that he understood, that he faced this mandatory minimum penalty if convicted. In fact, the district court repeatedly advised Brown of the mandatory minimum. It first informed Brown that his guilty plea would result in a mandatory minimum sentence of ten years and a maximum sentence of life. The district court then twice asked Brown whether his attorney had explained to him that he faced a mandatory minimum of at least ten years. Both times Brown answered "yes." There is no basis to find an error in the plea colloquy.

---

[2] *See* R. Doc. No. 845, at 6 ("Movant was instructed in an ambiguous manner as to whether or not Movant would be sentenced below the § 841(b)(1)(A) mandatory minimum."); *id.* at 8 ("Movant, although being admonished in open court by the United States District Court Judge to the contrary, believed that his sentence would be as calculated under the USSG's and below the mandatory minimum sentence of ten (1) years imprisonment under 21 U.S.C. § 841(a)(1), (b)(1)(A); Movant's belief came from the District Court's statements regarding sentencing below the mandatory minimum.").

*United States v.* Brown, 673 Fed. App'x 430, 430 (5th Cir. 2017). Brown's argument that the Court's explanation was somehow "ambiguous" is, therefore, meritless.

**B.**

The remainder of Brown's claims sound in ineffective assistance of counsel. All are unavailing.

First, Brown argues that his attorney was ineffective because he failed to discover and use the factual basis of co-defendant Harry Smoot to establish Brown's lack of involvement in the drug trafficking conspiracy to which he pleaded guilty. Smoot's factual basis states that he conspired with several individuals, but it does not name Brown. Thus, Brown contends that his attorney should have introduced Smoot's factual basis as evidence of Brown's innocence.

Brown's argument is misplaced. In Brown's own factual basis, he admits to conspiring with Smoot and several others.[3] Additionally, Brown is listed as a co-conspirator in the factual bases of every other defendant in the case.[4] Moreover, as the government correctly points out, conspiracy charges do not require each member of the conspiracy to conspire with every other member. *See* Fifth Cir. Crim. Pattern Jury Instruction § 2.89 ("One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged

---

[3] R. Doc. No. 362.

[4] R. Doc. No. 260 (factual basis as to Richard Thomas); R. Doc. No. 263 (factual basis as to Terrell Wade); R. Doc. No. 401 (factual basis as to Lance Singleton); R. Doc. No. 411 (factual basis as to Ray Woodruff); R. Doc. No. 416 (factual basis as to Frankie Hoofkin); R. Doc. No. 421 (factual basis as to Clifford Sonnier); R. Doc. No. 484 (factual basis as to Andre Addison); R. Doc. No. 485 (factual basis as to Joequell Lewis); R. Doc. No. 491 (factual basis as to Terrence Kelley).

conspirators."). Hence, the fact that Brown is not identified in Smoot's factual basis is effectively irrelevant, and it was not unreasonable for Brown's attorney to avoid relying on Smoot's factual basis in Brown's case. Accordingly, Brown has failed to demonstrate that his attorney's performance was deficient.

Second, Brown argues that his attorney was ineffective because he recommended that Brown plead guilty without attempting to obtain a written plea agreement that limited Brown's admissions to less than 280 grams of cocaine base. However, other than his own bald assertions, Brown offers no evidence to suggest that the government would have offered such a plea agreement. Brown's insistence that a more favorable plea could have been obtained is wholly speculative and conclusory. *Green v. Johnson*, 160 F.3d 1029, 142 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.").

Further, Brown has not demonstrated a reasonable probability that, but for his attorney's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. Nor has Brown provided the Court with any reason to doubt that he actually acquired and distributed at least 280 grams of cocaine base during the course of the conspiracy. After all, Brown knowingly and voluntarily stipulated to such an amount and verified its truth under oath in open court.[5] Brown, therefore, cannot show that his lawyer's performance was deficient or that he was prejudiced as a result.

---

[5] R. Doc. No. 687, at 25–27.

Third, Brown argues that his counsel failed to investigate certain facts and interview certain witnesses.[6]   A failure to investigate can support a finding of ineffective assistance.  *See Strickland*, 466 U.S. at 691.  However, "[a] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the [proceeding]."  *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993) (quotation omitted).  Brown has made no such specific showing here.

Brown asserts that interviews of co-conspirators and investigations into the facts of the case would have established that he was not a member of the conspiracy.[7]  Yet this argument is undercut by Brown's own sworn statements.  Brown admitted that he was a drug dealer.[8]  He also admitted that he sold retail quantities of cocaine base from 2010 until the end of the conspiracy; that he would acquire cocaine hydrochloride and cocaine base from members of the conspiracy; that he, on occasion, converted the cocaine hydrochloride into cocaine base and then sold the base in retail quantities; and that he and other members of the conspiracy sold to dozens of customers on a regular basis.[9]   Moreover, Brown acknowledged that, had he proceeded to trial, the government would have called cooperating defendants and cooperating witnesses who would have testified that they saw Brown sell cocaine base

---

[6] R. Doc. No. 845, at 4, 13.

[7] *Id.*

[8] R. Doc. No. 643, at 65 ("**THE COURT**: August 26, 2011, during that time period, you were a crack cocaine distributor on the West Bank, right? **THE DEFENDANT**: Yes, sir. **THE COURT**: Is that correct? **THE DEFENDANT**: Yes, sir. **THE COURT**: Speak into the microphone. **THE DEFENDANT**: Yes, sir").

[9] R. Doc. No. 362, at 2.

in the Avondale area on hundreds of occasions.[10]  These admissions, made under oath,

simply cannot be squared with Brown's current contention he was not a member of

the drug trafficking conspiracy and that further investigation by his attorney would

have proved his innocence.  *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th

Cir. 1998) ("'Solemn declarations in open court carry a strong presumption of verity,'

forming a 'formidable barrier in any subsequent collateral proceedings.'") (quoting

*Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977)).  Thus, Brown has failed to show

that his lawyer's performance was deficient or that he was prejudiced in this regard.[11]

Accordingly,

**IT IS ORDERED** that Brown's motion is **DENIED** and that his petition is

**DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, April 30, 2018.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[10] *Id.*

[11] Finally, Brown maintains that his innocence is supported by an affidavit offered by incarcerated co-conspirator Andre Addison.  In his affidavit, Addison states that he has personal knowledge that Brown was not a member or in any way connected with the drug trafficking activities of the conspiracy to which he pleaded guilty.[11]  Such a statement, however, is undermined not only by Brown's own admissions, as outlined herein, but by Addison himself, who admitted, as part of his factual basis, that Brown was, in fact, involved in the drug trafficking conspiracy.  Additionally, Addison has previously created a false exculpatory affidavit.  *See* R. Doc. No. 827, at 41.  The Court, therefore, finds Addison's instant affidavit to be unreliable.